Peck, J.
Appellant is a union of restaurant employees arid respondent is a restaurant proprietor. They are parties to a contract governing the terms and conditions of employment in respondent’s restaurant and providing for arbitration of all. disputes by an arbitrator named in the agreement. The agreement provides that in the event either party shall willfully default in appearing before the arbitrator at the time and place fixed by him, then the arbitrator may hear the testimony and evidence of the party appearing and render Ms decision as if both parties had appeared.
An arbitration proceeding was instituted by the union in reference to the discharge of two employees^ Written notice of the arbitration was given to respondent on April 5, 1946, calling for a hearing on April 8, 1946. Eespondent wrote to the arbitrator asserting that in his opinion there was no arbitrable claim, and defaulted in appearing on the day set. The arbitrator thereupon advised respondent by letter dated April 8, 1946, that he could not pass upon the conflicting claims except by hearing them and accordingly set the arbitration for April 11, 1946. Two further adjournments were had after conversations between the respondent and the arbitrator and at the request of an attorney for respondent. On the day finally set for arbitration respondent again defaulted.'
The arbitrator’s award contains a notation that during* the interval a second notice had been sent by the union demanding arbitration for the discharge of another member, and that the two proceedings were joined.
The arbitrator took the evidence, only appellant appearing, and made an award in respect to the three discharged employees.
Upon motion to confirm, the court vacated the award and named another arbitrator of its own selection to hear the matter anew. The grounds for vacating the award were that notice of the arbitration was not given in the manner provided by law for personal service of a summons, as required by section 1450 of the Civil Practice Act, and that the arbitrator exceeded Ms authority in making an award in respect to the *494 third employee, when the notice of arbitration was limited to the claimed unlawful discharge of two employees, and in other details.
The principal question presented by this appeal is whether a notice of arbitration must be given in accordance with section 1450 of the Civil Practice Act. That section provides that a party aggrieved by the failure of another to perform under a contract providing for arbitration may petition the Supreme Court for an order directing arbitration and that notice of the application shall be served in the manner specified in the contract and if no manner be specified then in the manner provided by law for personal service of a summons. No manner of service was specified in the contract, so respondent contends that service of the notice of arbitration had to be by personal service as of a summons.
It must be noted that the only issue which the court may pass upon in a proceeding instituted under section 1450 is whether there is a contract or submission to arbitrate and a failure to comply therewith. If so, the court is obliged to make an order directing arbitration.
Section 1454 of the Civil Practice Act provides that the arbitrator must appoint a time and place for the hearing and cause notice to be given to each of the parties. That this is all that is necessary when an arbitrator has been named by the parties, and that the notice need not be personally served is made manifest by section 1458 of the Civil Practice Act. That section provides that an award shall be valid and enforcible without a previous adjudication of the existence of a submission or contract to arbitrate, such as would be made under section 1450 of the Civil Practice Act, but that a party who has not been served with an application to compel arbitration under section 1450 may put in issue the making of the contract or submission, or the failure to comply therewith, either by motion for a stay of arbitration or in opposition to confirmation of the award. The section goes on to provide that if notice of the arbitration shall have been personally served, then the issues may be raised only by motion for a stay.
Sections 1450,1454 and 1458 of the Civil Practice Act together form a pattern which makes clear that neither an application to the Supreme Court to compel arbitration nor personal service of a notice of arbitration or is necessary to institute an arbitration proceeding, that the only consequence or personal service of such notice is to require an objectant to arbitration to raise the is/sue of a submission or failure to comply therewith *495 by motion for a stay instead of' waiting to raise objections upon a motion to confirm the arbitrator’s award, and that the only issues as to the propriety of arbitration which may be raised in any event are whether there has been a contract or submission to arbitrate and a failure to comply therewith. Failure to institute the proceeding in the first instance by application to the court or by personal service of the notice of arbitration under section 1450 is not a ground for attacking the award. It may be necessary, as a practical matter, where the opposing party is obliged to do something, such as appointing an arbitrator, to complete the institution of an arbitration proceeding, that the proceeding be instituted in the absence of his co-operation by an application to the court under section 1450. There is no necessity for such application, however, where the arbitration agreement names the arbitrator, and it certainly should not be required, and is not required, in such event or in every case to commence an arbitration proceeding with a Supreme Court proceeding.
Respondent had due notice of the proceeding at least in respect to two of the employees, and the record bears out the arbitrator’s conclusion that the respondent’s default was willful and deliberate after every reasonable opportunity was granted to the respondent to appear. The only question which remains open and not satisfactorily answered on the record is what notice the respondent had of the arbitration as to the third employee, Sherri Reyes. All that appears as to this notice is a reference in the arbitrator’s award to a “ second notice ” having been sent. The other objections to the award go to the merits and we find the award in all those respects to come Avithin the proAdnce of the arbitrator.
The order appealed from should be modified to confirm the award in all respects except in respect to Sherri Reyes, as to Avhom the matter is remanded to Special Term to determine whether respondent received due notice of the arbitration as to her. If Special Term so finds, the award shall be confirmed as to Sherri Reyes. If Special Term finds that due notice of the arbitration was not given to respondent, the matter of Sherri Reyes shall be remanded to the arbitrator named in the contract for arbitration on due notice. The award in all other respects should be confirmed, Avith $20 costs and disbursements to appellant.
Glennon, Does and Cohn, JJ., concur.
*496 • Order unanimously modified to confirm the award in all respects except in respect to Sherri Beyes, as to whom the matter is remanded to Special Term to determine whether respondent received due notice of the arbitration as to her. If Special Term so finds, the award shall be confirmed as to Sherri Beyes. If Special Term finds that due notice of the arbitration was not given to respondent, the matter of Sherri Beyes shall be remanded to the arbitrator named in the contract for arbitration on due notice. The award in all other respects should be confirmed, with $20 costs and disbursements to appellant. Settle order on notice.